

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRECISION TOXICOLOGY, LLC, doing business as PRECISION DIAGNOSTICS,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE CERNI CRONE, an individual, and ELEVATE TOXICOLOGY, INC., a Colorado corporation,<br><br>Defendant. | Case No.: 3:20-cv-02135-BEN-RBB<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO SUBSTITUTE ANSWERS**<br><br>[ECF Nos. 9, 13] |

## I. INTRODUCTION

Plaintiff Precision Toxicology, LLC d/b/a Precision Diagnostics ("Plaintiff") brings this action against its former employee, Defendant Stephanie Cerni Crone ("Crone"), and her newly formed company, Defendant Elevate Toxicology, Inc. ("Elevate") (collectively, "Defendants") for, *inter alia*, breach of Ms. Crone's employment agreement as well as intentional interference Plaintiff's business interests. ECF No. 1.

Before the Court are (1) Defendants' Motion to Substitute Ms. Crone's initially filed answer, ECF No. 5, with the later filed answer, ECF No. 12, and (2) Defendants'

Motion to Substitute Elevate's initially filed answer, ECF No. 6, with its later filed answer, ECF No. 11. *See* ECF Nos. 9 and 13.

After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** Defendants' Motions. The Clerk of the Court is directed to accept ECF No. 12 as the operate answer for Ms. Crone and ECF No. 11 as the operative answer for Elevate.

## II. BACKGROUND

### A. Statement of Facts

On or around September 24, 2014, Ms. Crone executed an employment agreement with Plaintiff ("Employment Agreement") whereby Precision agreed to hire Ms. Crone as its sales representative in the Colorado region. ECF No. 1 at 4:5-8. Plaintiff alleges that Ms. Crone breached this Employment Agreement by, *inter alia*, "engaging in direct and indirect solicitation of Precision's customers and employees in blatant breach of her legal and contractual obligations to Precision." *Id.* at 2:6-9. Plaintiff avers that during her employment with Plaintiff, Ms. Crone breached her Employment Agreement as well as her duty of loyalty to Plaintiff "by (1) forming Elevate as a directly competing business in the same industry as Precision, (2) soliciting Precision employees to join Elevate, including the successful solicitation of a key Precision employee to follow her to Elevate," and (3) poaching Plaintiff's "most profitable client in the Denver, Colorado area—a client that generated over $2 million in annual revenue." *Id.* at 2:9-16.

### B. Procedural History

On October 30, 2020, Plaintiff filed suit, alleging seven claims for relief for (1) breach of contract; (2) breach of the duty of loyalty; (3) breach of the implied covenant of good faith and fair dealing; (4) intentional interference with prospective economic advantage; (5) negligent interference with prospective economic advantage; (6) intentional interference with contractual relations; and (7) unfair competition in violation of California Business & Professionals Code, section 17200, *et seq.* ECF No. 1.

On November 8, 2020, Ms. Crone was personally served with the complaint. ECF

No. 7. On November 13, 2020, Defendant Elevate Toxicology, Inc., a Colorado corporation, was served with the complaint. ECF No. 4.

On November 23, 2020, Ms. Crone filed an Answer to Plaintiff's Complaint. ECF No. 5. That same day, Elevate separately filed its own Answer to Plaintiff's Complaint. ECF No. 6. On November 27, 2020, Ms. Crone's answer was withdrawn. ECF No. 9.

On November 27, 2020, Defendants filed a Motion to Substitute Ms. Crone's Answer to the Complaint. ECF No. 9. Defendants seek to substitute the withdrawn answer, ECF No. 5, with the newly filed answer ECF No. 12. Defendants filed an identical motion also on November 27, 2020, seeking to substitute the initially filed answer, ECF No. 6, with the newly filed answer, ECF No. 11. *See* ECF No. 13.

## III.   DISCUSSION

Defendants claim that the initially filed answers were filed after being sent to Defendants for review and approval but require substitution because Defendants' counsel later learned that Defendants' approval of some portions of the answer was based on a misunderstanding. ECF No. 10 at 2:5-9. Defendants' counsel assures the Court that if the substituted answers are accepted by the Court, they will be timely pursuant to Rule 12 of the Federal Rules of Civil Procedure. *Id.* at 2:9-11. As a result, good cause appears to justify allowing the Court to grant Defendants' Motion.

## IV.   CONCLUSION

For the above reasons, the Court **GRANTS** Defendants' Motions as follows:

1. The Clerk of the Court is directed to accept ECF No. 12 as the operative answer for Ms. Crone and ECF No. 11 as the operative answer for Elevate.

2. The previous answers filed on behalf of Ms. Crone (ECF No. 5) and Elevate (ECF No. 6) shall be withdrawn from the docket.

**IT IS SO ORDERED.**

DATED:   December 16, 2020

HON. ROGER T. BENITEZ
United States District Judge