**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRECISION TOXICOLOGY, LLC, doing business as PRECISION DIAGNOSTICS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STEPHANIE CERNI CRONE, an individual, and ELEVATE TOXICOLOGY, INC., a Colorado corporation,<br><br>　　　　　Defendant. | Case No.: 3:20-cv-02135-BEN-RBB<br><br>**ORDER DENYING MOTION TO DISMISS AS MOOT**<br><br>**[ECF No. 18]** |

## I. <u>INTRODUCTION</u>

Plaintiff Precision Toxicology, LLC d/b/a Precision Diagnostics ("Plaintiff") brings this action against its former employee, Defendant Stephanie Cerni Crone ("Ms. Crone"), and her newly formed company, Defendant Elevate Toxicology, Inc. ("Elevate") (collectively, "Defendants") for, *inter alia*, breach of Ms. Crone's employment agreement as well as intentional interference Plaintiff's business interests. ECF No. 1.

Before the Court is Plaintiff's Motion to Dismiss Ms. Crone's Verified Counterclaim. *See* ECF No. 18. After considering the papers submitted, supporting documentation, and applicable law, the Court **DENIES** Plaintiff's motion as moot.

## II.     BACKGROUND

### A.     Statement of Facts

On or around September 24, 2014, Ms. Crone executed an employment agreement with Plaintiff ("Employment Agreement") whereby Precision agreed to hire Ms. Crone as its sales representative in the Colorado region.  ECF No. 1 at 4:5-8.  Plaintiff alleges that Ms. Crone breached this Employment Agreement by, *inter alia*, "engaging in direct and indirect solicitation of Precision's customers and employees in blatant breach of her legal and contractual obligations to Precision."  *Id.* at 2:6-9.  Plaintiff avers that during her employment with Plaintiff, Ms. Crone breached her Employment Agreement as well as her duty of loyalty to Plaintiff "by (1) forming Elevate as a directly competing business in the same industry as Precision, (2) soliciting Precision employees to join Elevate, including the successful solicitation of a key Precision employee to follow her to Elevate," and (3) poaching Plaintiff's "most profitable client in the Denver, Colorado area—a client that generated over $2 million in annual revenue."  *Id.* at 2:9-16.  Ms. Crone alleges in her counterclaim that Plaintiff's employees sexually harassed, discriminated against, and retaliated against her.  ECF No. 20.

### B.     Procedural History

On October 30, 2020, Plaintiff filed suit, alleging seven claims for relief for (1) breach of contract; (2) breach of the duty of loyalty; (3) breach of the implied covenant of good faith and fair dealing; (4) intentional interference with prospective economic advantage; (5) negligent interference with prospective economic advantage; (6) intentional interference with contractual relations; and (7) unfair competition in violation of California Business & Professionals Code, section 17200, *et seq.*  ECF No. 1.

On November 8, 2020, Ms. Crone was personally served with the complaint.  ECF No. 7.  On November 13, 2020, Defendant Elevate Toxicology, Inc., a Colorado corporation, was served with the complaint.  ECF No. 4.

On November 23, 2020, Ms. Crone filed an Answer to Plaintiff's Complaint.  ECF No. 12.  That same day, Elevate filed its own Answer to the Complaint.  ECF No. 11.

On December 21, 2020, Defendant also filed a verified counterclaim for (1) sexual harassment; (2) sexual assault; (3) breach of the implied covenant of good faith and fair dealing; (4) hostile work environment; (5) constructive termination; (6) undue influence; and (7) unsafe work conditions. ECF No. 15.

On January 11, 2021, Plaintiff filed a Motion to Dismiss the Counterclaim. ECF No. 17. Shortly thereafter, on January 25, 2021, pursuant to Rule 15(a)(1)(B), Defendant filed an amended counterclaim. ECF No. 20. As such, that same day, Defendant also filed an opposition to Plaintiff's motion, arguing the Court should deny Plaintiff's motion to dismiss as moot in light of the amended counterclaim. ECF No. 19.

## III. DISCUSSION

"It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (reversing the district court's granting of the defendants' motion to dismiss the superseded first amended complaint and the resulting dismissal of the case because the timely filed second amended complaint mooted the motion to dismiss targeted at Plaintiff's first amended complaint, which was no longer in effect). "[A]n issue is moot when deciding it would have no effect within the confines of the case itself." *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009). Here, Plaintiff's Motion to Dismiss sought to dismiss Ms. Crone's original counterclaim, ECF No. 15, which is no longer operative due to her filing of the Verified Amended Counterclaim, ECF No. 20. Thus, granting Plaintiff's Motion to Dismiss would have no effect within the confines of this case.

## IV. CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's Motion to Dismiss as moot.

**IT IS SO ORDERED.**

DATED:   January 29, 2021

**HON. ROGER T. BENITEZ**
United States District Judge